# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSICA J. FACER, | : |
|     Plaintiff, | : |
| v. | : Civil Action No. 22-903-CFC |
| JOHN CARNEY, | : |
|     Defendant. | : |

## MEMORANDUM ORDER

At Wilmington, on this Tenth day of July in 2023;

1.    On July 6, 2022, Plaintiff filed the *pro se* Complaint and in the above-captioned case, naming as the sole Defendant the Governor of Delaware, John Carney. (D.I. 1) Plaintiff paid the filing fee.

2.    On August 5, 2022, Plaintiff filed a purported proof of service. (D.I. 4)

3.    On November 2, 2022, Plaintiff filed an application for entry of default against Defendant. (D.I. 5) Counsel for Defendant appeared and opposed the entry of default, arguing that Plaintiff had failed to effect service in compliance with 10 Del. C. § 1303(c), which is required for suits against Delaware State employees, such as Defendant, because Plaintiff had failed to personally serve the Attorney General of Delaware, the State Solicitor, or the Chief Deputy Attorney General. (D.I. 7) On December 29, 2022, the Court denied Plaintiff's application for entry of default. (D.I. 12)

4.    On January 5, 2023, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to effect proper service of process upon Defendant within 90 days of filing the complaint pursuant to Fed. R. Civ. P. 4(m). The

Court noted that, pursuant to § 1303(c), Plaintiff "'was required to personally serve the Delaware Attorney General, State Solicitor, or the Chief Deputy Attorney General,'" D.I. 12 (quoting *Witzke v. Ferguson*, 795 F. App'x 120, 122 (3d Cir. 2020)), but that Plaintiff's private process server, Jennifer Smagala, appears to have served the Complaint on a member of the staff of the Governor of Delaware, rather than an individual identified in § 3103(c).

5. In her response, Plaintiff argues that she was permitted to disregard § 3103(c) and serve the Governor by way of service on "an agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(e)(2)(C). Plaintiff relies on her process server's indication that the individual whom she served, apparently a member of the Governor's staff, is an "authorized agent, . . . who is designated by law to accept service on behalf of" the Governor. (D.I. 4 at 1)

6. In opposing entry of default, the Governor relied upon a body of case law which, like *Witzke*, held that service on State employees such as the Governor, must comply with § 3103(c); *i.e.*, that the Delaware Attorney General, State Solicitor, or the Chief Deputy Attorney General must be personally served. *See Fieni v. Townsend*, 221 F. Supp. 3d 528, 531 (D. Del. 2016); *Johnson v. Delaware*, 2013 WL 1285114, at *2-4 (D. Del. Mar. 28, 2013), *report and recommendation adopted sub nom., Johnson v. Delaware DHSS/DSSC*, 2013 WL 2456256 (D. Del. June 5, 2013); *Perkins v. Delaware*, 2012 WL 4482801, at *2-3 (D. Del. Sept. 27, 2012), *report and recommendation adopted*, 2012 WL 9503033 (D. Del. Oct. 23, 2012). Plaintiff implicitly challenges the validity of these holdings, and *Witzke*, based on her interpretation of Rule 4.

2

7. The Third Circuit recently reaffirmed the principle that, in a suit against a Delaware State employee, service must be on one of the individuals listed in § 3103(c). *See Grossnickle v. Connections Cmty. Support Programs Inc.*, 2023 WL 2770818 (3d Cir. Apr. 4, 2023).

8. After Plaintiff's error was presented to her by both Defendant and the Court, she could have, but did not, attempt to correct service. Accordingly, the case will be dismissed without prejudice at this time.

Now therefore, IT IS HEREBY ORDERED that this case is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m).

_____
Chief Judge