IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSICA J. FACER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 22-903-CFC |
| | ) |
| JOHN CARNEY, | ) |
| | ) |
| Defendant. | ) |

Jessica J. Facer, Seaford, Delaware, Pro se Plaintiff.

Nicholas D. Picollelli, Jr., Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

May 28, 2024
Wilmington, Delaware

*[signature: Colm F. Connolly]*
**CONNOLLY, Chief Judge:**

On July 6, 2022, Plaintiff Jessica J. Facer, who appears *pro se* and has paid the filing fee, commenced this action. (D.I. 1) Before the Court are Defendant's motion to dismiss (D.I. 21), Plaintiff's response thereto (D.I. 22), and Plaintiff's motion requesting permission to supplement her response (D.I. 25).

## I.   BACKGROUND

In her July 2022 Complaint, Plaintiff named as the sole Defendant the Governor of Delaware, John Carney, and challenged then existing mandates Defendant had issued in relation to the COVID-19 pandemic. Plaintiff requested injunctive relief. (D.I. 1 at 7) The Complaint was dismissed without prejudice based on Plaintiff's failure to proper effectuate service. (D.I. 14) Plaintiff appealed, but the appeal was dismissed for lack of jurisdiction on the grounds that this Court had left Plaintiff with the option of curing by properly effectuating service, but that she had expressed an intent not to do so. (D.I. 17) Plaintiff thereafter effectuated service and successfully moved for reopening the case. (D.I. 18, 19, 20)

Defendant has moved to dismiss, arguing, as relevant, that the case is now moot in light of Defendant having terminated the mandates in question, thus depriving this Court of subject matter jurisdiction. (D.I. 21) In response, Plaintiff argues, in part, that "[t]his case was caused by the Defendant's actions and while it

created immediate and ongoing harm; it has taken years to be addressed." (D.I. 22 at 3) She also invokes the exception to the mootness doctrine that arises when an alleged wrong is capable of repetition, yet evades review. On May 22, 2024, Plaintiff filed a motion requesting permission to file a supplemental brief in thirty days "[d]ue to recent decisions in cases that support my argument in the case before you." (D.I. 25)

## II. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

## III. DISCUSSION

Defendant is correct; Plaintiff's challenges to his mandates are now moot. This issue has been squarely addressed by the Third Circuit on more than one occasion and has concluded that challenges such as this become moot. *See Stepien v. Governor of N.J.*, 2023 WL 2808460 (3d Cir. Apr. 6, 2023) (noting the importance of considering the evolving circumstances of the COVID-19 pandemic, and rejecting the application of the capable of repetition yet evading review exception to mootness); *Clark v. Governor of N.J.*, 53 F. 4th 769, 775 (3d Cir. 2022) (rejecting the plaintiffs' contention that the Governor's voluntary cessation of mandates militated against mootness because, as relevant, the public health situation had changed from the beginning of the pandemic, and it was not reasonably likely that future restrictions would resemble the original ones enough to constitute the same legal controversy, which made it clear that the challenge was moot).

The Court will reject Plaintiff's request for permission to file a supplemental brief in thirty days identifying recent supportive case law. Based on the Court's survey, recent case law is in accord with the Third Circuit. *See, e.g., Carlin v. CDC & Prevention & HHS*, 2024 WL 2280991 (D.C. Cir. May 20, 2024); *Simpson-Vlach v. Mich. Dep't of Educ.*, 2023 WL 3347497 (May 10, 2023).

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendant's motion to dismiss and deny Plaintiff's motion for leave to supplement her response.

The Court will issue an Order consistent with this Memorandum Opinion.